UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSHUA ROGERS,<br><br>                         Plaintiff,<br><br>                -against-<br><br>PIERS MCMAHON; CASA; NEW AMSTERDAM PROPERTY,<br><br>                         Defendant. | 25-CV-1972 (LLS)<br><br>ORDER OF DISMISSAL AND WARNING |

LOUIS L. STANTON, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action without indicating whether he filed it under the Court's federal question or diversity of citizenship jurisdiction, and without setting forth any specific causes of action. He names as a defendant New Amsterdam Property, which may be located in New Jersey. He also names as defendants "Piers McMahon" and "CASA" but does not allege any facts describing these defendants. By order dated March 13, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. On May 1, 2025, Plaintiff filed an amended complaint. For the following reasons, the Court dismisses the amended complaint.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" extended to *pro se* litigants, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure. In addition, "the degree of solicitude may be lessened where the particular *pro se* litigant is experienced in litigation and familiar with the procedural setting presented." *Tracy v. Freshwater*, 623 F.3d 90, 102 (2d Cir. 2010).

## BACKGROUND

Plaintiff alleges the following facts in an amended complaint.[1] "In 2016 I started a sexual harassment case and in 2019 my share holders purchased my building as part of a settlement agreement." (ECF 1, at 9.) At some point, "[t]he super . . . illegally locked me out upon return to my unit." (*Id.*) Plaintiff claims that "[t]hey took my belong[ings] and went through my documents & computer to help a car company that wanted a car back." (*Id.*) At some other point, Plaintiff "completely made up a lease for my brother to prepare his residency for a move . . . [and] what they in return did was assaulted my brother & his children over a worthless piece of paper." (*Id.*) Moreover, "[t]hey made him undergo a sex change . . . [a]nd when they raped him in that apt they gave him orthopox [b]ecause I contracted it from the same apts." (*Id.* at 9-10.)

---

[1] Plaintiff filed an amended pleading on May 1, 2025. The Court quotes from the amended complaint verbatim. All spelling, grammar, and punctuation are as in the original, unless noted otherwise.

## DISCUSSION

**A.    The complaint does not state a claim because it does not comply with federal pleading rules**

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

Furthermore, under Rule 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "A complaint fails to comply with Rule 8(a)(2) if it is 'so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" *Strunk v. U.S. House of Representatives*, 68 F. App'x 233, 235 (2d Cir. 2003) (summary order) (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)). Rule 8 "does not demand that a complaint be a model of clarity or exhaustively present the facts alleged," but it does require, "at a minimum, that a complaint give each defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." *Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001) (citation and quotation marks omitted).

Plaintiff's complaint does not comply with basic pleading requirements. The allegations against Defendant New Amsterdam Property, appear to relate to Plaintiff's and his brother's residency at a New Jersey apartment complex. These allegations, however, do not provide a short and plain statement giving this Defendant fair notice of the claims Plaintiff is asserting and the grounds on which they rest. Nor does Plaintiff provide any indication of the legal basis of his claims or why this Court has jurisdiction of his claims. Finally, Plaintiff does not allege any facts involving Defendants McMahon or CASA. The Court therefore dismisses the complaint for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## LEAVE TO AMEND DENIED

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). The Court declines to grant Plaintiff leave to amend because it would be futile to do so. The complaint concerns alleged conduct that occurred in New Jersey. If any district court can exercise jurisdiction of any claim Plaintiff may be asserting, that court would be the United States District Court for the District of New Jersey. *See* 28 U.S.C. § 1391(b).[2]

---

[2] Under 28 U.S.C. § 1391(b), a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

**WARNING**

In 2024 and 2025, Plaintiff filed at least eleven *pro se* cases in this district. *See Rogers v. Target Corp.*, ECF 1:24-CV-7883, 5 (LTS) (S.D.N.Y. Mar. 5, 2025) (listing cases filed as of that date). In light of this litigation history, the Court warned Plaintiff in *Rogers v. White House*, No. 25-CV-1773 (LLS) (S.D.N.Y. June 12, 2025), that if he continued to abuse the privilege of proceeding IFP, the Court may order him to show cause why he should not be barred, under 28 U.S.C. § 1651, from filing complaints IFP in this court without its prior permission. That warning remains in effect.

**CONCLUSION**

Plaintiff's amended complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The warning issued in *Rogers v. White House*, No. 25-CV-1773 (LLS) (S.D.N.Y. June 12, 2025) remains in effect.

The Court directs the Clerk of Court to enter a civil judgment in this case.

SO ORDERED.

Dated:   July 29, 2025
         New York, New York

                                          *Louis L. Stanton*
                                          Louis L. Stanton
                                          U.S.D.J.